UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS O. AWOSEFAJU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 16-12266-FDS |
| ) | |
| ELIZABETH MARTINEZ and ) | |
| MANDELA PRESERVATION, LLC., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This is, apparently, a landlord-tenant dispute. According to the *pro se* complaint, plaintiff Francis Awosefaju lives in a rental unit in the Mandela Homes development. Mandela Homes is owned by defendant Mandela Preservation, LLC. The complaint alleges that Mandela Preservation failed to provide a reasonable accommodation for his disability and discriminated against him based on his national origin. It further alleges that defendants committed fraud in managing the development.

For the following reasons, defendants' motion to dismiss will be denied without prejudice to its renewal and plaintiff shall have until May 24, 2017, to file an amended complaint that complies with the Federal Rules of Civil Procedure. If plaintiff fails to do so, the matter will likely be dismissed.

**I.      Background**

Construing the complaint liberally in favor of the *pro se* plaintiff, the complaint alleges as follows:

Plaintiff Francis Awosefaju is a tenant at Mandela Homes in Roxbury, Massachusetts. Mandela Homes is owned by defendant Mandela Preservation, LLC. It is not clear from the complaint how defendant Elizabeth Martinez is connected to this action.

Awosefaju suffers from multiple health issues, including asthma and type-two diabetes. He contends that he "did not have good accommo[]dations in [his] unit[] because [he is] from Africa." Specifically, the complaint alleges that the unit lacked "good heat . . . [a] good refrigerator . . . [and a] good stove," and that "all [of the] utilities are not in good condition[]." It further alleges that the materials used to construct his unit "make [him] sick and mess up [his] food."

The complaint alleges that "there [is] lots of fraud . . . going on in Mandela Homes." Although it is not entirely clear, it appears that the fraud claim concerns allegations that "the first rents of residents went to the state of Connect[]icu[]t[] instead of [the] HUD office" and that Awosefaju "was told from [a] member of the . . . Board, that . . . HUD gave 37, millions dollars every y[ea]r to maint[ai]n[] the Mandela Building, and the Court receiver charge [sic] 447, thousand dollars for a, meeting[]." The complaint attaches a Suffolk County Superior Court order dated June 15, 2011, authorizing an unnamed receiver to terminate certain members from the Mandela Homes Board.

On November 8, 2016, Awosefaju filed the complaint in this action. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**II.     Standard of Review**

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness*

*Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III.    Analysis

#### A.    Claims Against Martinez

Although Elizabeth Martinez is named as a defendant in this action, the complaint does not contain any factual allegation concerning her. It is not clear what connection, if any, she has to the events described. Accordingly, the complaint fails to state a plausible claim against Martinez.

#### B.    Claims Against Mandela Preservation, LLC

The complaint does not allege any specific legal claims against Mandela Preservation, LLC. However, construed liberally, the allegations under the complaint could give rise to claims for violations of the Fair Housing Act ("FHA") under 42 U.S.C. §§ 3604(b) and 3604(f)(2)(A) and for fraud.

3

1. **Fair Housing Act Claims**

The FHA prohibits "discriminat[ion] against any persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. . . . [or] because of a handicap of . . . that person." 42 U.S.C. §§ 3604(b) and 3604(f)(2)(A).

   a. **Handicap Discrimination Claim**

The complaint alleges that plaintiff suffers from diabetes and asthma, and that he did not receive accommodations for those conditions. In order to state a claim for failure to accommodate a person with disabilities under the FHA, a plaintiff must show, among other things "that he requested a particular accommodation that is both reasonable and necessary to allow him an equal opportunity to use and enjoy the housing in question [and] that the [defendant] refused to make the requested accommodation." *Astralis Condominium Ass'n v. Secretary, U.S. Dep't. of Hous. and Urban Dev.*, 620 F.3d 62, 67 (1st Cir. 2010) (citations omitted). Assuming that the complaint states a plausible claim that plaintiff is handicapped, there has been no allegation that he requested and was denied an accommodation for his disability. The complaint does not specify what accommodation he desired. Insofar as the complaint alleges defects with the unit—that it had substandard heating, appliances, and utilities—it is not clear how addressing those defects would constitute an accommodation for a handicap, as opposed to general maintenance of the building. Accordingly, the complaint fails to state a plausible claim for a violation of the FHA on the basis of handicap discrimination.

   b. **National Origin Discrimination Claim**

The complaint alleges that plaintiff "did not have good accommo[]dations, in [his] unit[] because [he] is from Africa." To prove a violation of the FHA under a theory of discrimination

on the basis of national origin, the plaintiff must show either that defendants acted with discriminatory intent, or that their actions have a disparate impact. *Macone v. Town of Wakefield*, 277 F.3d 1, 5 (1st Cir. 2002). "A plaintiff can show discriminatory intent by either direct or indirect evidence." *Pina v. Town of Plympton*, 529 F. Supp. 2d 151, 155 (D. Mass. 2007) (quoting *Caron v. City of Pawtucket,* 307 F.Supp.2d 364, 368 (D.R.I. 2004)). Here, the complaint alleges neither. There are no factual allegations to suggest, directly or indirectly, that defendants acted with discriminatory intent or that defendants' actions had a disparate impact. As the national origin discrimination claim is unsupported by any factual allegations demonstrating discriminatory intent or effect, it fails to state a claim upon which relief can be granted.

## 2. Fraud

The complaint alleges that "[t]here [is] lots of fraud . . . going on in Mandela Homes." Fed. R. Civ. P. 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Under that rule, an allegation of fraud must "include specifics about 'the time, place, and content of the alleged false representations.'" *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 280 (1st Cir. 2013) (quoting *United States ex rel. Rost v. Pfizer, Inc.,* 507 F.3d 720, 731 (1st Cir. 2007). Here, the complaint fails to allege that any false representation was made, let alone when and where it was made. Given the lack of factual allegations concerning the fraud claim, it would not survive the generous pleading requirements of Rule 12(b)(6), and certainly does not state a claim under the heightened standard required by Rule 9(b).

## IV. Conclusion

For the foregoing reasons, the complaint fails to state a claim upon which relief can be

granted.  However, in light of the fact that petitioner is proceeding *pro se*, rather than dismiss the action for failure to state a claim, plaintiff will be given an opportunity to file an amended complaint that complies with the requirements of the federal rules.  Accordingly, plaintiff may file an amended complaint no later than May 24, 2017, that states, with specificity, the factual circumstances giving rise to the claims in the complaint.  If plaintiff fails to comply with that order, or otherwise fails to describe the factual predicate for his claims with clarity, the Court may dismiss the case.  Defendants' motion to dismiss is DENIED without prejudice to its renewal.

**So Ordered.**

Dated:  April 24, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge