UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
FRANCIS O. AWOSEFAJU,            )
                                 )
        Plaintiff,               )
                                 )   Civil Action No.
        v.                       )   16-12266-FDS
                                 )
ELIZABETH MARTINEZ and           )
MANDELA PRESERVATION, LLC.,      )
                                 )
        Defendants.              )
                                 )

**MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

**SAYLOR, J.**

This is a landlord-tenant dispute. According to the *pro se* complaint, plaintiff Francis Awosefaju lives in a rental unit in the Mandela Homes development. Mandela Homes is owned by defendant Mandela Preservation, LLC. Plaintiff contends that he was discriminated against on the basis of his national origin in violation of the Fair Housing Act.

Defendants have moved to dismiss the amended complaint. For the following reasons, the motion will be granted.

**I.    Background**

Unless otherwise noted, the following facts are stated in the amended complaint and have been construed liberally in favor of the *pro se* plaintiff.

Plaintiff Francis Awosefaju is a tenant at Mandela Homes in Roxbury, Massachusetts. Mandela Homes is owned by defendant Mandela Preservation, LLC. Defendant Elizabeth Martinez is the property manager.

The amended complaint alleges that around March 2015, Martinez began "wrong internal renovations without giving the residents good acco[]modations, treated [them] like [] animals[] because they are black[] people, Africans, spanish people e[tc]." It alleges that Martinez started moving residents' belongings, and damaging their property. It states that Awosefaju had "water damages, wrong stove, [and] wrong refrigeration." It alleges that Martinez's supervisor Tonya Irish "came to [the] MCAD office for settlement of $2,500[.]00" concerning those claims. The amended complaint alleges that Awosefaju was paid only $500 of that settlement, but has not been paid the balance of $2,000.

In addition to the claims concerning the water damage and settlement, the amended complaint alleges that Martinez gave preferential treatment to Spanish people who were applying for housing at Mandela Homes.

On July 30, 2015, Awosefaju filed a charge with the Massachusetts Commission Against Discrimination (the "MCAD"), asserting a claim for national origin discrimination under the Fair Housing Act against Beacon Management. (Def. Mot. to Dismiss, Ex. B).[1] Consistent with the claims in this action, the MCAD charge alleged that Awosefaju's property had been damaged by a flood in March 2015. (*Id.*). On November 18, 2015, Awosefaju signed a settlement agreement, in which he agreed to "waive all rights to bring or pursue any . . . civil action of any kind covered by the Fair Housing Act . . . against [Beacon Management] with respect to any allegations referred to in this agreement." (*Id.* Ex. C ¶ 6). In exchange, Beacon Management agreed to consider Awosefaju's submission of documentation supporting the alleged property

---

[1] Under Fed. R. Civ. P. 12(b)(6), the Court may consider "official public records" in addition to the facts alleged in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). The Court may "take judicial notice of [MCAD documents] without converting [defendant's] motion to one for summary judgment. *Wong v. Resolve Tech.*, 2011 WL 3157198, at *2 n.4 (D. Mass. July 25, 2011); *see also Gallo v. Bd. of Regents of Univ. of California*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) ("[T]he Court may consider both the EEOC right to sue letter and the EEOC charge . . . as public records subject to judicial notice.").

damage and to respond within two weeks "with a decision regarding reimbursement allowance, if any." (*Id.* at 7). It further provided that Beacon Management "does not agree by its agreement to this process to any specific reimbursement, but rather to a good faith review of such damages." (*Id.*).

On November 8, 2016, Awosefaju filed the complaint in this action. Defendants moved to dismiss the complaint for failure to state a claim. On April 24, 2017, the Court issued a memorandum and order denying the motion without prejudice and directing Awosefaju to file an amended complaint that complied with the Federal Rules of Civil Procedure on or before May 24, 2017. On May 25, 2017, Awosefaju filed a letter making additional allegations against defendants. The Court deemed that late-filed letter to be an amended complaint alleging one count for discrimination on the basis of national origin in violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

Defendants have now moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III. <u>Analysis</u>

The Fair Housing Act prohibits "discriminat[ion] against any persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. . . . [or] because of a handicap of . . . that person." 42 U.S.C. §§ 3604(b) and 3604(f)(2)(A).

First, the complaint alleges that Martinez discriminated against applicants for housing who were not of Spanish origin. However, the complaint alleges that plaintiff himself is a resident of Mandela Homes, not an applicant for housing. Therefore, it fails to plausibly allege that plaintiff was harmed by the alleged discrimination in considering tenant applications. Accordingly, plaintiff lacks standing to bring a claim under the FHA for discrimination against such applicants.

Next, the complaint alleges that plaintiff was discriminated against on the basis of national origin in connection with the alleged flood damage. However, the complaint alleges that plaintiff settled those claims in connection with an MCAD proceeding for $2,500. The gravamen of the complaint appears to be that plaintiff is still owed $2,000 of that $2,500 settlement. Therefore, plaintiff's claim sounds in contract, and fails to state a plausible claim for

4

a violation of the federal Fair Housing Act.[2]  As the Court lacks federal subject-matter jurisdiction over what is essentially a contract claim, the complaint will be dismissed.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED.

**So Ordered.**

                                                                          /s/  F. Dennis Saylor
                                                                          F. Dennis Saylor IV
Dated: August 4, 2017                                  United States District Judge

---

[2] It does not appear necessary to determine whether the release signed by Awosefaju in connection with the settlement of the MCAD charge operates to preclude the claims against the parties here, who were not named as defendants in the MCAD proceeding.